(Reap. Dec. 9493)

WILBUR-ELLIS COMPANY v. UNITED STATES

Entry Nos. 731867; 779254; 727343.

(Decided on rehearing [not published] August 19, 1959)

*Lawrence & Tuttle* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: These are appeals for reappraisement filed under the provisions of section 501, as amended, of the Tariff Act of 1930 against the decision of the appraiser as to values of certain canned tuna fish, exported from Japan and entered at the port of New York.

The merchandise was appraised at the invoiced unit values which included, in addition to packing charges, certain additional charges for "freight to shipping port, storage, insurance premium, clearance hauling and lighterage, and petties," which were incident to transporting the merchandise from the factory of the manufacturer and placing the same free on board the exporting vessel at Yokohama, Japan, all of the latter charges being the so-called "inland" charges. Plaintiff's appeals are apparently predicated on the claim that the correct value of the involved merchandise is the invoiced unit values, less the so-called "inland" charges.

The present action is before me by virtue of an order wherein a prior dismissal of these appeals was set aside and the cases "suspended under reappraisement 264824A, with the express understanding that they shall be controlled by the final decision in said reappraisement 264824A." The latter appeal, involving the same question as to the inclusion in the appraisement of merchandise of certain inland charges, was decided by this court in *United States* v. *D. N. & E. Walter & Co.*, 41 Cust. Ct. 618, A.R.D. 93.

In the *Walter & Co.* case, *supra*, an appellant division of the court held that the costs and charges there involved were properly part of the export value of the merchandise, finding, in effect, that the price at which the merchandise in question was freely offered for sale to all purchasers in the principal market for exportation to the

United States was only at the unit price, net, packed, f.o.b. Kobe, which price included charges for storage, hauling, insurance, lighterage, and various miscellaneous costs.

In view of the holding of the court in the *Walter & Co.* case, *supra*, I find and hold that the proper basis for the determination of the value of the merchandise here in question is export value, as that value is defined in section 402(d) of the Tariff Act of 1930, and that such value is the appraised value in each case.

Judgment will be rendered accordingly.